

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 19, 1961

Honorable Doug Crouch
District Attorney
Fort Worth, Texas

Dear Mr. Crouch:

Opinion No. WW-1170

Re: Whether the Tarrant County
Hospital District is auth-
orized to add the functions
and duties of the Senior
Public Health Nurse under
the facts stated.

You have requested an opinion from this office to
determine whether the Tarrant County Hospital is authorized
to add the functions and duties of the Senior Public Health
Nurse to the duties that the hospital district is required
to perform under the provisions of Article 4494n, Vernon's
Civil Statutes. Under the provisions of Article 2351, Sec-
tion 11, Vernon's Civil Statutes, the Commissioners' Court
has the duty to

"11. Provide for the support of
paupers and such idiots and lunatics as
cannot be admitted into the lunatic asylum,
residents of their county, who are unable
to support themselves. By the term resident
as used herein, is meant a person who has been
a bona fide inhabitant of the county not less
than six months and of the State not less than
one year."

The Legislature established a means for Commissioners'
Courts in counties having populations of over 190,000 to set up
a hospital or hospital system to furnish medical aid and hos-
pital care to the indigent and needy persons residing within
the hospital district. Throughout the provisions of Sections
5 and 6 of Article 4494n, Vernon's Civil Statutes, the statute
refers to the hospital or hospital system, and Section 13
further provides:

". . . and such Hospital District
shall be deemed to have assumed full respon-
sibility for the furnishing of medical and
hospital care for the needy and indigent
persons residing in said Hospital District
from the date that taxes are collected for
the Hospital District."

From the provisions of Article 4494n, it is evident that the hospital district and the taxes that it collects are to be used to provide for medical and hospital care for needy and indigent persons, within the meaning of the terms of Article 2351, Section 11, Vernon's Civil Statutes.

From the facts related in your request that the duties of the public health nurse are to deal principally with outlying schools in the county for the purpose of controlling communicable diseases among school children, it is our opinion that her duties could not be considered to fall within those authorized for hospital districts to undertake under the provisions of Article 4494n, Vernon's Civil Statutes.

This conclusion is strengthened by the fact that under the provisions of Article 4418f, quoted below

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County.",

the Commissioners' Courts are given authority to appropriate and expend money from the general revenues of the county for and on behalf of public health and sanitation within its county which shows that it was contemplated by the Legislature that the burden of maintaining personnel to promote public health and to enforce public health laws was to fall on the Commissioners' Court rather than the county hospital district.

## S U M M A R Y

The Tarrant County Hospital District is not authorized to add the

functions and duties of the Senior
Public Health Nurse, under the stated
facts, to the duties imposed by statute
on a county hospital district in Tarrant
County.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *John C. Steinberger*
John C. Steinberger
Assistant

JCS:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
Gordon Cass
Riley Eugene Fletcher
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.